UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS MIRAMONTES | ) |
| | ) |
| Plaintiff, | ) Case Number: _____ |
| | ) |
| v. | ) |
| | ) |
| PERATON, INC. | ) |
| | ) |
| Defendant | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Peraton, Inc. ("Defendant") files this Notice of Removal of the above-entitled action from the County Court at Law No. 3 in Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. As shown below, this case is subject to removal based upon diversity jurisdiction and federal question jurisdiction:

### BACKGROUND

1. On or about November 3, 2021 cause number CC-21-04738-C, captioned *Carlos Miramontes v. Peraton, Inc.,* was filed in the County Court at Law No. 3 in Dallas County, Texas.[1]

2. Defendant was served with Plaintiff's Original Petition on November 4, 2019.

3. In this suit, Plaintiff asserts claims for breach of contract, negligent misrepresentation declaratory judgment, fraud, fraud in the inducement, violations of the

---

[1] APP. 001-012.

4895-2963-8149.1 / 112004-1007

Deceptive Trade Practices Act, and age, race, and color discrimination in violation of Chapter 21 of the Texas Labor Code.

## PROCEDURAL PREREQUISITES

4. Within 30 days after service of Plaintiff's Original Petition, Defendant files this Notice of Removal based upon diversity jurisdiction.

5. Venue is placed in the United States District Court for the Northern District of Texas, Dallas Division, as Plaintiff originally filed this matter in Dallas County, Texas. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(1).

6. True and correct copies of the docket sheet and copies of all pleadings and papers filed in the state court action are attached hereto and incorporated herein by reference.

7. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed in the County Court at Law No. 3 in Dallas County, Texas, and served on the Plaintiff. A copy of the Notice to State Court of Filing Notice of Removal is attached hereto.

8. In accordance with Local Rule 81.1, attached to this Notice of Removal is an appendix of required documents, including, but not limited to, a Notice of Related Case pursuant to Local Rule 3.3. Defendant will give prompt written notice of the filing of this Notice of Removal to Plaintiff.

## DIVERSITY JURISDICTION

9. This Court has subject matter jurisdiction based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when (1) the dispute is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest

and costs. *Id.* § 1332(a)(1). Both of these requirements are met in this case, as set forth below.

## DIVERSITY OF CITIZENSHIP

10. Complete diversity of citizenship between Plaintiff and Defendant existed at the time of filing of Plaintiff's Original Petition and at the time of removal.

11. In his Original Petition, Plaintiff states that he currently resides in Dallas County, Texas (Plaintiff's Original Petition, ¶ 3.1.)[2] Plaintiff also states that he worked for Defendant (or predecessor companies) in Dallas since 1995 (*Id.* ¶ 5.1.)

12. Defendant is a Delaware corporation, with its principal place of business in Virginia.

13. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *accord* 28 U.S.C. § 1332(c)(1); *accord MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (same). As clarified by the United States Supreme Court in *Hertz Corp v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters." *Id.* at 80-81.

14. Accordingly, Defendant is also a citizen of Delaware and Virginia for removal purposes, and complete diversity exists between it and Plaintiff, who is a citizen of Texas.

---

[2] APP. 001

3

**AMOUNT IN CONTROVERSY**

15. The amount in controversy in this suit exceeds $75,000, exclusive of interest and costs.

16. While Defendant denies liability as to Plaintiff's claims, in his Original Petition, Plaintiff specifies that he is seeking monetary relief of "more than $500,000 but less than $1,000,000." (*See* Plaintiff's Original Petition, ¶ 2.1.[3]

17. Because Plaintiff's Original Petition affirmatively reveals on its face that Plaintiff is seeking damages in excess of the minimum jurisdictional amounts of the federal court, this Court has diversity jurisdiction. *See Bosky v. Kroger Texas LP*, 288 F.3d 208, 210 (5th Cir. 2002); *accord Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 920 (W.D. Tex. 2005) ("Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

18. Even without Plaintiff's admission that he seeks damages in excess of $200,000, it is evident that available damages could exceed the $75,000 threshold. Federal courts in Texas have frequently determined that suits under similar circumstances wherein a plaintiff seeks damages such as front pay, back pay, compensatory damages, and attorneys' fees are removable because it is "facially apparent" that claims for these damages may exceed $75,000, even if the amount in controversy is not specified by the plaintiff's petition. *See, e.g.*, *Lawson v. Parker Hannifin Corp.*, No. 4:13-cv-923-O, 2014 U.S. Dist. LEXIS 37085, *8 (N.D. Tex. Mar. 20, 2014) (holding it was facially apparent that the amount in controversy exceeded the jurisdictional limit

---

[3] APP. 001

4

when plaintiff sued for front pay in lieu of reinstatement, back pay, compensatory damages, punitive damages, and reasonable attorneys' fees under Chapter 21 of the Texas Labor Code); *Acosta*, 400 F. Supp. 2d at 921 (holding it was facially apparent that claim exceeded jurisdictional limits, because sued for actual damages, compensatory damages, emotional distress, punitive damages and attorney fees under Chapter 21 of the Texas Labor Code, even though the petition did not state the amount plaintiff sought).

19. Plaintiff has requested (among other things) front pay, back pay, mental anguish, attorneys' fees, and exemplary damages. (Plaintiff's Original Petition, ¶ 7.3.) Accordingly, because of the nature of the claims asserted and the damages sought, the amount in controversy requirement for this Court to have jurisdiction is satisfied.

WHEREFORE, Defendant effects removal of this action from Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

4895-2963-8149.1 / 112004-1007

Dated: December 3, 2021                                          Respectfully submitted,

                                                                 */s/ Jeremy W. Hawpe*
                                                                 Jeremy W. Hawpe
                                                                 State Bar No. 24046041

                                                                 LITTLER MENDELSON, P.C.
                                                                 A PROFESSIONAL CORPORATION
                                                                 2001 Ross Avenue
                                                                 Suite 1500, Lock Box 116
                                                                 Dallas, TX 75201.2931
                                                                 214.880.8100 (Telephone)
                                                                 214.880.0181 (Telecopier)
                                                                 jhawpe@littler.com

                                                                 ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent by email to counsel of record listed below, on the 3rd day of December 2021

Joseph E. Ackels, Sr.
Joseph E. Ackles, Jr.
Ackels & Ackels, LLP
3030 LBJ Freeway, Suite 1550
Dallas, TX 75234
214-267-8600
joe@ackelslaw.com
joe-jr@ackelslaw.com

                                                                 */s/ Jeremy W. Hawpe*
                                                                 Jeremy W. Hawpe

6

4895-2963-8149.1 / 112004-1007