# EXHIBIT 1

FILED
11/3/2021 10:43 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

NO. _____   CC-21-04738-C

| | | |
|---|---|---|
| **CARLOS MIRAMONTES** | § | IN THE COUNTY COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| **PERATON, INC.** | § | |
| | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

**ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CARLOS MIRAMONTES, Plaintiff (hereinafter referred to as "Plaintiff" or and files this his Original Petition in the above referenced cause complaining of Defendant PERATON, INC. and in support of same would show the Court as follows:

**I. DISCOVERY CONTROL PLAN**

1.1   This case is intended to be conducted under discovery Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

**II. RULE 47 - DAMAGES**

2.1   Only monetary relief of more than $500,000 but less than $1,000,000, and non-monetary relief.

**III. PARTIES AND SERVICE**

3.1   Plaintiff is an individual Texas resident who resides in Dallas County, Texas.

3.2   Defendant PERATON, INC., ("Peraton" or "Defendant") is believed to be a foreign corporation doing business in Texas and which may be served with process by service upon his registered agent Cogency Global, Inc. located at 1601 Elm Street #4360, Dallas, Dallas County, Texas 75201.

Original Petition - Page 1

APP. 001

## IV. JURISDICTION AND VENUE

4.1     Jurisdiction is proper in this Court since this cause of action arises out of a breach of contract action and/or out of torts which were performable in whole or in part and/or which have occurred in whole or in part in or about Dallas County, Texas.  Venue is proper in Dallas County, Texas as the Plaintiff and/or the Defendant resides in Dallas County, Texas and/or has a principal place of business therein and/or the cause(s) of action giving rise to this suit have occurred in whole or in part in Dallas County, Texas.

## V. STATEMENT OF FACTS APPLICABLE TO ALL CAUSES OF ACTION[1]

5.1     On July 12, 1995, Plaintiff became what was to be a 27-year employee of Perspecta, Inc. and its predecessors, which include Electronic Data Systems (EDS), Hewlett Packard (HP), and General Motors (GM). He worked diligently, had no disciplinary history, was a valued employee, and always obtained glowing reviews.  Mr. Miramontes served as one of seven Senior Category Managers.  Mr. Miramontes accomplished these achievements in a workplace that consisted of predominantly white men.  In fact, most employees during Mr. Miramontes' employment were white.  Of the seven Senior Category Managers working alongside Mr. Miramontes, six were white.  Additionally, most if not all the upper management positions in the company during Mr. Miramontes' employment were filled by white men. Based on information and belief, those positions are still predominantly held by white men.

5.2     As seemed a constant, in or around February of 2021, it was announced that his employer (then, Perspecta) was being acquired and/or merging with Peraton. This type of transfer of ownership was a common occurrence during Mr. Miramontes' employment.

---

[1] The facts listed hereinbelow are based upon personal knowledge and/or information and belief of Plaintiff.

Original Petition - Page 2

5.3     In April of 2021, during his quarterly review, Mr. Miramontes was lauded by Vice President Joe Capalbo for his performance.  However, Mr. Miramontes grew suspicious that Peraton was preparing to terminate him when his superiors started looping in other individuals on projects Mr. Miramontes had historically done himself.  Mr. Miramontes' mind was put at ease when, in early May 2021, he was approached by Victor Stemburger, his superior at Perspecta (Stemburger), and presented with a written offer of continued employment with Peraton for at least two more years if he accepted the Peraton offer. The offer included two years of continued employment. This would include title and pay at his "current job title and base salary," the maintenance of his "health insurance and retirement benefits for the remainder of the 2021 calendar year," and for 2022, his "years of service with Perspecta will be credited toward years of service for eligibility in the Peraton employee benefit plans offered."

5.4     Mr. Miramontes, a United States Veteran who has served his country for 27 years, entertained the offer and based on the promises contained therein and otherwise made by Peraton, on May 6, 2021, accepted the offer in writing.

5.5     However, on July 1, 2021, Stemburger video called Mr. Miramontes.  At the outset of the call, Stemburger asked Mr. Miramontes if he was being recorded.  Once Mr. Miramontes informed Stemburger that he was not, Stemburger told Mr. Miramontes that the company was letting him go.  Stemberger insisted on multiple occasions, without being prompted, that this termination was not being done because of Mr. Miramontes' age.  Instead, Stemburger informed Mr. Miramontes that his termination was a result of the companies' attempt to "harmonize the synergies" of the newly formed companies, and with that, a 27-year career was unilaterally ended.

Original Petition - Page 3

5.6     Based on information and belief, after Mr. Miramontes' termination, two individuals took over Mr. Miramontes' responsibilities.  Those two individuals are, not surprisingly, white males.  As we are all aware, as our society progresses, discrimination in the workplace no longer shamelessly reveals itself.  Instead, discrimination is hidden and inconspicuous, however, also as we are all aware, it does still exist.  The reason Stemburger gave for Mr. Miramontes' termination is a pretext.  In reality Mr. Miramontes was terminated because he is not a white male.

## VI. CAUSES OF ACTION:

Plaintiff repeats and realleges all of the foregoing paragraphs and all subsequent paragraphs as if fully copied and set forth at length herein and further shows as follows:

**A.     Breach of Contract**

6.1     Plaintiff urges that a contractual relationship existed between Plaintiff and Defendant, Peraton.  Said contractual agreement set forth rights, duties and obligations of the parties.

6.2     Plaintiff has performed all conditions precedent to recovery herein.  Alternatively, all conditions precedent to Plaintiff's recovery have occurred, have been performed, satisfied and/or waived.  Defendant breached its contractual duties to Plaintiff.  This breach or breaches was/were to the damage and detriment of Plaintiff.  Plaintiff seeks judgment against the Defendant, Peraton in an amount of money that is within the jurisdictional limits of the Court, plus punitive damages and expenses set forth hereinbelow.

**B.     Negligent Misrepresentations**

6.3     Plaintiff repeats and re-alleges all of the foregoing paragraphs and all subsequent paragraphs as fully as if copied and set forth herein and further show as follows:

6.4     Plaintiff urges claims for misrepresentations and/or negligent misrepresentations. *Great American Mtg. Investors vs. Louisville Title*, 597 S.W.2d 425 (Tex. Civ. App. -- Fort Worth, 1980, writ ref'd n.r.e.).  Defendants represented to Plaintiff that they would perform certain acts.  Thus, Defendants owed Plaintiff a duty to so perform.  Defendants failed to perform and such failure was caused by Defendants' negligence.  As stated in 3 Restatement of Torts 2d 119, Section 551: "a party is under a duty to speak, and therefore liable for nondisclosure, if the party fails to exercise reasonable care to disclose a material fact which may justifiably induce another party to act or refrain from acting, and the nondisclosing party knows that the failure to disclose such information to the other party will render a prior statement or representation untrue or misleading."

6.5     Should the Court find that promises were made between the parties, Defendants have negligently misrepresented their intention to perform these promises.  <u>See</u>, *Hideca Petroleum Corp. v. Tampimex Oil Int'l., Ltd.*, 740 S.W.2d 838 (Tex. App. -- Houston [1st Dist] 1987, no writ).

6.6     Plaintiff seeks judgment against the Defendant(s), jointly and severally, in an amount of money which is within the jurisdictional limits of this Court.

C.      **Declaratory judgment**

6.7     Plaintiff repeats and realleges each of the foregoing paragraphs and all subsequent paragraphs as if fully copied and set forth at length herein and further shows as follows:

6.8     Plaintiff petitions this Court pursuant to the Uniform Declaration Judgments Act, Civil Practice & Remedies Code §37.001 et seq., for construction of the written instrument(s) made the basis of this suit.

**D.     Fraud**

6.9     Plaintiff repeats and realleges each of the foregoing paragraphs and all subsequent paragraphs as if fully copied and set forth at length herein and further shows as follows:

6.10.   Defendant(s) intentionally and/or with gross negligence misrepresented numerous material elements and facts to Plaintiff, thereby causing Plaintiff to suffer severe economic damages.

6.11    Defendant(s), by and through their continuous material, intentional misrepresentations with respect to their alleged duties, induced Plaintiff to rely on these misrepresentations, all to Plaintiff's detriment.  The representations made by Defendant(s) were: (1) material and false representations; (2) made recklessly; (3) made with the intention that they be acted upon; (4) acted upon by Plaintiff in reliance; and (5) injurious to Plaintiff and Plaintiff suffered injury as a result.

6.12    Defendant(s)' intentional and/or grossly negligent conduct was the cause in fact, producing and/or proximate cause of foreseeable injury and damage to Plaintiff.  Plaintiff hereby sues for said damages which are within the jurisdictional limits of this Court.  Plaintiff prays for judgment against the Defendantin an amount of money that is within the jurisdictional limits of the Court, plus punitive damages and expenses set forth hereinbelow.

**E.     Fraud in the inducement**

6.13    Plaintiff repeats and realleges each of the foregoing paragraphs and all subsequent paragraphs as if fully copied and set forth at length herein and further shows as follows:

6.14   Defendant(s) intentionally and/or with gross negligence misrepresented numerous material elements and facts to Plaintiff which said misrepresentations induced Plaintiff to take action as referenced hereinabove. These material misrepresentations did indeed induce Plaintiff to do so.

6.15   Defendant(s)' negligent, reckless, intentional and/or accidental conduct was the cause in fact, producing and/or proximate cause of foreseeable injury and damage to Plaintiff. Plaintiff hereby sues for said damages which are within the jurisdictional limits of this Court. Plaintiff prays for judgment against the Defendantin an amount of money that is within the jurisdictional limits of the Court, plus punitive damages and expenses set forth hereinbelow.

**F.     Violation of the Deceptive Trade Practices Act**

6.16   Plaintiff repeats and realleges each of the foregoing paragraphs and all subsequent paragraphs as if fully copied and set forth at length herein and further shows as follows:

6.17   Plaintiff is a "consumer" as that term is defined by §17.45(4) of the Tex. Bus. Comm. Code.

6.18   Defendant(s)' aforesaid actions mount to a Deceptive Trade Practice as that term is defined under Texas Law. Defendant(s) violated §17.46(b)(1), (2), (3), (5), (7), (8), (9), (10), (12), (13), (14), (21), and (23). As a result of the aforesaid action, Defendant(s) have caused foreseeable damage to the detriment of Plaintiff, in an amount that is within the jurisdiction limits of this Court and for which Plaintiff seeks actual and exemplary damages against Defendant in an amount of money that is within the jurisdictional limits of the Court, plus punitive damages and expenses set forth hereinbelow .

### G.     Violation of Chapter 21 of the Texas Labor Code

6.19    Plaintiff repeats and realleges each of the foregoing paragraphs and all subsequent paragraphs as if fully copied and set forth at length herein and further shows as follows:

> Sec. 21.052.  DISCRIMINATION BY EMPLOYMENT AGENCY.  An employment agency commits an unlawful employment practice if the employment agency:
> (1)     fails or refuses to refer for employment or discriminates in any other manner against an individual because of race, color, disability, religion, sex, national origin, or age;  or
>
> (2) classifies or refers an individual for employment on the basis of race, color, disability, religion, sex, national origin, or age.

6.20    Plaintiff asserts that Defendant committed an unlawful employment practice when it discriminated against Plaintiff based on his race, color, and age. As a result of Defendant's violation of the Texas Labor Code, Plaintiff has suffered damages for which he hereby sues.

6.21    Specifically, Plaintiff asserts that Defendant not only discriminated against him by terminating Plaintiff based on his race, color, and age, but also that Defendant discriminated against Plaintiff by treating Plaintiff disparately compared to other employees in similarly situated circumstances who were not members of Plaintiff's protected class.  Specifically, prior to terminating Plaintiff, Defendant did not offer Plaintiff the opportunity to participate in its "Family First Program" which offers Defendant's employees an opportunity to find a new position in the company prior to termination.

6.22    Plaintiff seeks recovery against Defendant for damages incurred as a result of Defendant's violation of the Texas Labor Code in an amount of money that is within the jurisdictional limits of the Court, plus punitive damages and expenses set forth hereinbelow.

## VII. DAMAGES

7.1     Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully copied and set forth at length herein and further shows as follows

7.2     Plaintiff seeks recovery of all damages to which he may be entitled to at law or in equity, including but not limited to the following: direct, indirect, actual, special, general, consequential, reliance, expectancy, benefit of bargain, lost profits, personal injury damages, past and future damages, and other damages of every nature and type which were the result of Defendant's actions in this case.  Plaintiff seeks recovery of an amount within the jurisdiction of the court.

7.3     Plaintiff seeks damages against the Defendant for all causes of action alternatively and/or collectively as follows:

1)      actual damages;

2)      Back Pay, including but not limited to: lost wages and other employment benefits;

3)      additional compensatory, consequential, reliance, expectancy damages;

4)      benefit of the bargain;

5)      mental anguish (including but not limited to: bodily injury, headaches, stress, allergic flair up, arthritis flair up, inability to sleep properly, inability to eat properly, nervousness, upset stomach, constant worrying, pain and suffering and/or mental trauma);

6)      punitive, exemplary and/or multiple damages for all causes of action asserted hereinabove;

7)      attorney's fees, expert fees, and costs of suit;

8)      specific performance; and

Original Petition - Page 9

9)   All other legal and equitable relief to which Plaintiff may justly be entitled.

## VIII.  PREJUDGMENT INTEREST

8.1   Plaintiff repeats and realleges each of the foregoing paragraphs as if fully copied and set forth at length herein and further shows as follows:

8.2   Plaintiff seeks prejudgment interest on all sums due and owing Plaintiff from the first available date after Plaintiff was damaged and/or injured until judgment is rendered. Plaintiff seeks the highest legal rate allowable by law. Defendant, as fiduciaries are obligated to pay Plaintiff to the highest legal rate of prejudgment interest allowed by law up to 18%.

8.3   Plaintiff is entitled to prejudgment interest for their claims as follows:

(1)   for prejudgment interest for breach of contract from the date of the breach until date of judgment.

(2)   for prejudgment interest from the remaining Defendant for injury and other damage suffered by Plaintiff from 6 months from the date of the injury/damage was noticed until date of judgment.

## IX. EXEMPLARY AND PUNITIVE DAMAGES

9.1   Plaintiff repeats and realleges each of the foregoing paragraphs as if fully copied and set forth at length herein and further shows as follows:

9.2   Defendant's conduct as heretofore alleged was grossly negligent, intentional, willful, wanton, malicious and/or done recklessly, done with malice, and done with disregard for the rights of Plaintiff. Plaintiff seeks recovery of punitive and/or exemplary damages, for which Plaintiff seeks judgment from Defendant, in the maximum amount allowed by law, and in an amount of money that is within the jurisdictional limits of this Court.

APP. 010

## X. ATTORNEY'S FEES

10.1 Plaintiff repeats and realleges each of the foregoing paragraphs as if fully copied and set forth at length herein and further shows as follows:

10.2 Plaintiff has retained the services of the undersigned licensed attorneys to assist it in the investigation, prosecution and defense of this cause. As such Plaintiff seeks reasonable and necessary attorney's fees from Defendant for defense of the underlying lawsuit and/or for the investigation and prosecution of this action through trial of this cause. Further, Plaintiff seeks reasonable and necessary attorney's fees from Defendant, should this case be appealed to the Court of Appeals in an amount that is within the jurisdictional limits of this Court. Further, Plaintiff seeks reasonable and necessary attorney's fees from Defendant should this case be appealed to the Texas Supreme Court. Further, Plaintiff seeks reasonable and necessary attorney's fees from Defendant should any appeal of this cause be made to appellate courts of all levels. Plaintiff is entitled to attorneys' fees pursuant to §38.001 et seq. Texas Civil Practices & Remedies Code; The Texas Deceptive Trade Practices Act; The Texas Declaratory Judgment Act (§37.001, et seq. CPRC) and any other statutory or common law remedy for attorneys' fees.

## XII. JURY TRIAL DEMAND

12.1 Plaintiff hereby demands a trial by jury of his peers.

WHEREFORE, PREMISES CONSIDERED Plaintiff requests that Defendant(s) be cited and noticed to appear and that after their appearance this matter be set for final hearing and upon such final hearing, Plaintiff have judgment against Defendant(s), jointly and severally, for:

1. Declaratory judgment against Defendant as requested hereinabove;

2. All actual, compensatory, consequential, reliance and/or expectancy damages proximately caused by Defendant; and/or specific performance;

3.      Plaintiff be awarded actual, punitive, exemplary, mental anguish, multiple and all other damages requested hereinabove against Defendant;

4.      Plaintiff be awarded a reasonable attorney's fee as prayed for hereinabove;

5.      Plaintiff prays for prejudgment and post-judgment interest at the highest legal rate allowable by law between said parties and/or pursuant to the insurance code up to eighteen percent (18%);

6.      Costs of suit; and/or

7.      Plaintiff prays for general relief.

Respectfully submitted,

*/s/ Joseph E. Ackels, Sr.*
Joseph E. Ackels, Sr.
State Bar No. 00829980
joe@ackelslaw.com
Joseph E. Ackels, Jr.
State Bar No. 24097274
joe-jr@ackelslaw.com
ACKELS & ACKELS, L.L.P.
3030 LBJ Freeway, Suite 1550
Dallas, Texas 75234
Tel: (214)-267-8600
Fax: (214)-267-8605
Attorneys for Plaintiff