**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CARLOS MIRAMONTES** | § | **CIVIL ACTION NO. 3:21-CV-3019-B** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **PERATON, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO COMPEL PRODUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CARLOS MIRAMONTES ("Plaintiff"), and files this, Motion and respectfully shows the following:

## I.      INTRODUCTION

On December 27, 2021, the Court entered its Scheduling Order which set the discovery deadline in this case for September 9, 2022.

This December 27 Scheduling Order also set the deadline for motions to compel for the later of August 26, 2022, or 10 days after the discovery response at issue was served or due to be served.

On September 23, 2022, the Court granted the parties' agreed request to extend deadlines in this matter, to allow the parties to attempt to mediate. This September 23rd order set the deadline to complete discovery to October 31, 2022. This order also made the deadline for motions to compel the later of October 17, 2022, or 10 days after the discovery response at issue was served or due to be served.

Page 1 of 4

On October 19, 2022, the deposition of Victor Stemberger, Corporate Representative for Defendant, took place.

During his deposition, Mr. Stemberger identified, for the first time, a number of documents in Peraton's possession custody and/or subject to its control that have not been produced to Plaintiff, despite numerous attempts to have these documents produced. Furthermore, Mr. Stemberger admitted under oath that he had destroyed documents which were responsive to Plaintiff's requests for discovery.

Counsel for Defendant has represented that it would produce these documents as identified by Mr. Stemberger in his deposition. To date, they have only produced 22 additional documents and continue to withhold additional documents. Based on the information provided by Mr. Stemberger, Plaintiff knows additional responsive documents exist and are in the possession, custody, and/or control of Defendant.

Additionally, Defendant has not identified the documents it is currently withholding on its Privilege Log which it produced on July 20, 2022. Plaintiff did not learn about these additional documents until October 19, 2022, after the expiration of the deadline to file his motion to compel.

As a result of Defendant's apparent concealment of documents and apparent refusal to produce those documents despite representing that it would produce same, Plaintiff now asks this Court to grant Plaintiff leave to allow Plaintiff to file and proceed with his Motion to Compel production of these documents which is attached hereto as **Exhibit A**.

## II.  CONCLUSION AND PRAYER

Plaintiff asks this Court to grant his request for leave to file his Motion to Compel as stated herein.  Plaintiff asks that he be granted any further relief to which it may be equitably or legally entitled.

Respectfully submitted,

*/s/ Joseph E. Ackels, Sr.*
Joseph E. Ackels, Sr.
State Bar No. 00829980
joe@ackelslaw.com
Joseph E. Ackels, Jr.
 State Bar No. 24097274
joe-jr@ackelslaw.com
ACKELS & ACKELS, L.L.P.
3030 LBJ Freeway, Suite 1550
Dallas, Texas 75234
Tel: (214)-267-8600
Fax: (214)-267-8605
Attorneys for Plaintiff

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Jeremy Hawpe counsel for Defendant, on November 3, 2022, via email regarding this motion and he indicated that he is opposed.

*/s/ Joseph E. Ackels, Sr.*
Joseph E. Ackels, Sr.

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jeremy W. Hawpe
Texas State Bar No. 24046041
jhawpe@littler.com
Ryley T Bennett
Texas State Bar No. 24109631
rtbennett@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)
ATTORNEYS FOR DEFENDANT

*/s/ Joseph E. Ackels, Sr.*
Joseph E. Ackels, Sr.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CARLOS MIRAMONTES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:21-CV-3019-B** |
| | § | |
| **PERATON, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CARLOS MIRAMONTES ("Plaintiff"), and files this, Motion to Compel Production of Documents against Defendant, complaining of PERATON, INC. ("Defendant" and/or "Peraton") and shows:

## I. FACTUAL BACKGROUND

With the Court's approval and by agreement of the parties on October 19, 2022, Plaintiff's counsel took the oral deposition of Victor Stemberger, one of the corporate representatives designated by Defendant, and the individual who terminated Plaintiff.

For the very first time in this litigation, it was discovered that Defendant was taking the position that Plaintiff's employment was terminated as part of an internal layoff program called "Project Falcon." Defendant had never mentioned this program before nor had it produced a single document related to it.

The parties' prior discovery exchanges occurred as follows:

On March 17, 2022, Defendant delivered its response to Plaintiff's Request for Production. In this response Defendant refers to a "Falcon Selection Listing for Legal Review 6-21-21" (see Response to Request for Production No. 5 and 13. At the time of this response, Plaintiff and his counsel were entirely unaware what "Falcon Selection Listing for Legal Review 6-21-21" was or what it referred to.[1]

As a result, on April 12, 2022, counsel for Plaintiff delivered a discovery deficiency letter specifically requesting that Defendant "identify by Bates Label the document you refer to as "Falcon Selection listing for Legal Review 6-21-2021" if you have already produced that document." Defendant never provided or identified any documents related to the "Falcon Selection listing."[2]

Furthermore, Mr. Stemberger, Defendant's Corporate Representative, admitted in his deposition that he had destroyed material and relevant text messages the same day he received the litigation hold letter.[3] Mr. Stemberger's deposition testimony is as follows[4]:

> "A. I was copied on an e-mail sometime after Carlos had left the company. I believe it was maybe August, September of 2021. I briefly opened the PDF. I thought it was very unprofessional. It was all caps. It was a demand notice. I immediately closed the e-mail, and I texted my superior, Joe Capalbo, to ensure he saw it, and then I forgot about it. (p. 25 line 12-17)
>
> Q. When did you delete your text messages to Mr. Capalbo? (p. 30 line 21-22)

---

[1] A true and correct copy of Defendant's Response to Plaintiff's First Request for Production is attached hereto as **Exhibit A** and incorporated herein by reference for all purposes.

[2] A true and correct copy of Plaintiff's April 12, 2022 Discovery Deficiency Letter to Defendant is attached hereto as **Exhibit B** and incorporated herein by reference for all purposes.

[3] A true and correct copy of the Litigation Hold Letter is attached hereto as **Exhibit C** and incorporated herein by reference for all purposes.

[4] A true and correct copy of these deposition excerpts is attached hereto as **Exhibit D** and incorporated herein by reference for all purposes.

A. I don't know. I can't answer. I'm not sure. Within 24 to 48 hours. (p. 30 line 24-25)"

The deposition of Victor Stemberger, has also revealed a plethora of documents and information that has been concealed from discovery and/or destroyed by this corporate representative. After Stemberger's deposition, Counsel for Plaintiff requested production of the following categories of documents but Defendant has refused and continues to refuse to produce them, despite representing that it would produce them:

1. Lori Ellis email of the spreadsheet she asked Stemberger to populate and all communications between them and anyone else with regard to it. This would certainly include all communications between Lori Ellis and anyone with regard to Miramontes, Project Falcon or layoffs.

2. All documents related to Project Falcon and Stemberger's assertion that he or his group were told to layoff two employees. All related communications.

3. Agendas and all emails related to the weekly staff meetings lead by Lori Ellis and all communications by and between members of the group including, Ellis, Capalbo, Stemberger, Campbell, etc.

4. All HR (including Huchthausen) communications between HR and Stemberger regarding termination of Miramontes or layoffs including but not limited to emails and the termination "script."

5. All responsive text messages - and identify any that have been deleted and when.

Through this Motion, Plaintiff is requesting that Peraton be ordered to produce all of the documents identified in numbers 1-5 above within 10 days from the date of the Court's order.

## II.  PLAINTIFF'S DISCOVERY REQUESTS

The following are the discovery requests wheren Plaintiff specifically requested production of the documents identified in numbers 1-5 above:

**REQUEST FOR PRODUCTION NO. 8:** Please produce all communications of, by or with Joe Capalbo regarding Plaintiff.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all communications from Victor Stemberger regarding Plaintiff, including but not limited to all communications between Victor Stemberger and Plaintiff from January 1, 2021 through the present date.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all communications to Joe Capalbo regarding Plaintiff, regarding Plaintiff, including but not limited to all communications between Victor Stemberger and Plaintiff from January 1, 2021 through the present date.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents that identify the reason for Plaintiff's termination.

Defendant asserted meritless and/or groundless objections to these requests. Plaintiff requests that the Court overrule Defendant's objections and require Defendant to produce all documents responsive to these requests including but not limited to those documents specifically identified herein.

### III.  NEED FOR PRODUCTION

These documents are critical to Plaintiff's case because they could very well provide proof that Defendant's termination of Plaintiff was wrongful and/or pretextual.

These requested documents are essential for Plaintiff to prosecute his claims against Defendant because the documents relate to the elements of each of Plaintiff's causes of action asserted against Defendant as well as the defenses asserted by Defendant. Specifically, the requested documents go to an essential question in this case: why was Plaintiff terminated? Defendant has now given multiple answers to this question and the documents Plaintiff now seeks relate to those answers. Additionally, Defendant seemingly intends to rely on "Project Falcon" to answer this question and defend itself in this litigation. As a result, Plaintiff is entitled to documents regarding "Project Falcon" to the extent they exist. The communications regarding Plaintiff which Plaintiff now seeks are relevant for the same reason.

Furthermore, although counsel for Plaintiff requested, and Defendant provided a

Privilege Log, Peraton did not identify any of these documents withheld in its privilege log in

violation of Federal Rule 26.

## IV. REQUESTED RELIEF

Now Plaintiff brings this Motion asking that Defendant's objections to these requests be

overruled and asking that Defendant be ordered to fully respond and produce all documents

responsive to the above-listed Requests for Production within ten (10) days after the Court orders

same.

Plaintiff asks that the Court order Defendant to pay Plaintiff's reasonable expenses

incurred in obtaining the order, including attorney fees.

Plaintiff prays for all relief requested herein and for general relief.

Respectfully Submitted,


*/s/ Joseph E. Ackels, Sr.*
JOSEPH E. ACKELS, SR.
State Bar No. 00829980
Joseph E. Ackels, Jr.
State Bar No. 24097274
ACKELS & ACKELS, L.L.P.
3030 LBJ Freeway, Suite 1550
Dallas, Texas 75234
Tel: (214) 267-8600
Fax: (214) 267-8605
joe@ackelslaw.com
joe-jr@ackelslaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certified that a true and correct copy of the foregoing document has been served upon all counsel as listed below by sending a copy of same via, e-service, on November 3, 2022:

*/s/ Joseph E. Ackels, Sr.*
JOSEPH E. ACKELS, SR.

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CARLOS MIRAMONTES,

    *Plaintiff,*

v.

PERATON, INC.

    *Defendant.*

§
§
§
§
§
§
§
§
§
§

NO. 3:21-CV-3019-B

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

TO:    Plaintiff Carlos Miramontes, by and through his attorney of record, Joseph E. Ackels, Sr., ACKELS & ACKELS, L.L.P., 3030 LBJ Freeway, Suite 1550, Dallas, Texas 75234.

    Pursuant to the Federal Rules of Civil Procedure, Defendant Peraton, Inc. ("Defendant") serves the following Objections and Responses to Plaintiff's First Requests for Production.

**I.
OBJECTIONS TO INSTRUCTIONS & DEFINITIONS**

    1.    Defendant objects to each request to the extent that Plaintiff seeks to require the disclosure of information and/or documents subject to the attorney-client privilege, attorney work product doctrine, investigatory privilege, party communication privilege, or any other privilege or exemption on the ground that such information and/or documents are exempt from discovery.

    2.    Defendant objects to the definitions and instructions to the extent they seek to impose upon Defendant obligations not required by the Federal Rules of Civil Procedure or any local rules or procedures of this Court.

    3.    Defendant reserves the right to modify and/or supplement its responses and objections to the requests, and an answer or response to any request shall not constitute a waiver of that right.

    4.    Defendant objects to each of the requests to the extent they are overly broad in scope or unduly burdensome.

5.     Defendant objects to each of the requests to the extent they are not relevant to a claim or defense of any party, or not reasonably calculated to lead to the discovery of admissible evidence.

6.     A failure to include any of these General Objections in the specific objections below is not a waiver of any General Objection with respect to that request.

7.     Defendant hereby objects to all requests that seek information and/or documents relating to individuals other than the Plaintiff on the grounds that they seek confidential, proprietary, and sensitive information regarding Defendant's past or current employees, the disclosure of which would constitute an unwarranted invasion of those employees' privacy.

8.     Defendant generally objects to these requests to the extent they seek the disclosure of confidential company information. Therefore, Defendant will only produce documents in response to certain requests subject to the Protective Order applicable to this case.

## II.
## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:** Please produce Plaintiff's entire employee file, which includes but is not limited to, evaluation reports, performance reviews, productivity reports, disciplinary reports, awards, salary reviews, salary increases, etc.

**RESPONSE:**  Please see Plaintiff's personnel file, which will be produced.

**REQUEST FOR PRODUCTION 2:**  Please produce all employment agreements between Defendant and Plaintiff.

**RESPONSE:**   Please the Employee Letter of Understanding, which will be produced.

**REQUEST FOR PRODUCTION 3:** Please produce all documents that identify the names, ages, and races of those individuals who have taken over Plaintiff's work tasks after his termination.

**RESPONSE:**   Defendant objects to this Request as it seeks information pertaining non-parties, the disclosure of which would constitute an unwarranted invasion of the affected individuals' rights to personal privacy and confidentiality.

Defendant responds as follows: Defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION 4:** Please produce all documents related to Your Family First Program and Workforce Planning.

**RESPONSE:**   Please see Family First FAQs_1.13.2022_v2_SB and WFP Family First Program_1.13.2022_v2_SB, which will be produced.

**REQUEST FOR PRODUCTION 5:** Please produce all documents that identify the names, ages, and races of those individuals who currently hold the same position Plaintiff held prior to his termination.

**RESPONSE:** Defendant objects to this Request as it seeks information pertaining non-parties, the disclosure of which would constitute an unwarranted invasion of the affected individuals' rights to personal privacy and confidentiality.

Defendant responds as follows: Please see Falcon Selection listing for Legal Review 6-21-2021, which will be produced.

**REQUEST FOR PRODUCTION 6:** Please produce all documents that identify the names, ages, and races of those individuals who replaced Plaintiff after his termination.

**RESPONSE:** Defendant has no documents responsive to this Request, as no one replaced Plaintiff's position.

**REQUEST FOR PRODUCTION 7:** Please produce all documents that identify the demographic makeup of Peraton, including but not limited to documents showing Your employees' race and age.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad as it seeks information regarding employees who are not similarly situated and therefore the burden of the discovery request is disproportionate to the needs of the case.    Defendant further objects to this request as it contains no temporal or geographic limitations.

**REQUEST FOR PRODUCTION 8:** Please produce all communications of, by or with Joe Capalbo regarding Plaintiff.

**RESPONSE:** Defendant objects this Request on the grounds that it is overly broad because the request contains no subject matter limitations or parameters and to the extent the Request implicates the attorney client and/or work product privileges.

Defendant responds as follows: Please see email correspondence, which will be produced.

**REQUEST FOR PRODUCTION 9:** Please produce all communications from Victor Stemburger regarding Plaintiff, including but not limited to all communications between Victor Stemburger and Plaintiff from January 1, 2021 through the present date.

**RESPONSE:** Defendant objects this Request on the grounds that it is overly broad because the request contains no subject matter limitations or parameters and to the extent the Request implicates the attorney client and/or work product privileges.

Defendant responds as follows: Please see email correspondence, which will be produced.

**REQUEST FOR PRODUCTION 10:** Please produce all communications to Joe Capalbo regarding Plaintiff, regarding Plaintiff, including but not limited to all communications between Victor Stemburger and Plaintiff from January 1, 2021 through the present date.

**RESPONSE:** Defendant objects this Request on the grounds that it is overly broad because the request contains no subject matter limitations or parameters and to the extent the Request implicates the attorney client and/or work product privileges.

Defendant responds as follows: Will supplement, if any.

**REQUEST FOR PRODUCTION 11:** Please produce all documents showing the managerial structure of Peraton, Inc., including the names, ages, and races of the individuals in those managerial positions.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad as it seeks information regarding employees who are not similarly situated and therefore the burden of the discovery request is disproportionate to the needs of the case. Defendant further objects to this request as it contains no temporal or geographic limitations, and thus the request is overly broad.

**REQUEST FOR PRODUCTION 12:** Please produce all electronic recordings of the July 1, 2021 video call between Victor Stemburger and Plaintiff.

**RESPONSE:** Defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION 13:** Please produce all documents that identify the reason for Plaintiff's termination.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

Defendant responds as follows: Please see Falcon Selection listing for Legal Review 6-21-2021, which will be produced.

**REQUEST FOR PRODUCTION 14:** Please produce all offers of severance You made to Plaintiff after his termination.

**RESPONSE:** Please see the Severance Offer, which will be produced.

**REQUEST FOR PRODUCTION 15:** Please produce all offers of future employment You made to Plaintiff prior to his termination.

**RESPONSE:** Defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION 16:** Please produce all documents related to Your and/or Perspecta's policies and procedures for paying employees severance, including but not limited to Your and/or Perspecta's method of calculation used to pay employees severance.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad as it seeks information regarding employees who are not similarly situated and therefore the burden of the discovery request is disproportionate to the needs of the case. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

Defendant responds as follows: Please see the Severance Policy, which will be produced.

**REQUEST FOR PRODUCTION 17:** Please produce all documents related to Plaintiff's salary, bonuses, health benefits, retirement benefits he was receiving at the time of his termination.

**RESPONSE:** Please see Plaintiff's personnel file, which will be produced.

**REQUEST FOR PRODUCTION 18:** Please produce each and every version of the "Separation Agreement" signed or unsigned by James M. Winner, which You delivered to Plaintiff on July 1, 2021, including, but not limited to any drafts of the document.

**RESPONSE:** Defendant objects to this Request on the grounds that it overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant further objects as this Request is not limited in time or scope and is vague as it fails to state with reasonable particularity the class or category of documents it seeks. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION 19:** Please produce all documents evidencing when the July 1, 2021 "Separation Agreement" was created.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION 20:** Please produce all documents evidencing the author(s) of the July 1, 2021 "Separation Agreement."

**RESPONSE:** Defendant objects to this Request on the grounds that it overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant further objects as this Request is not limited in time or scope and is vague as it fails to state with reasonable particularity the class or category of documents it seeks. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION 21:** Please produce all communications between You, Perspecta and/or Plaintiff regarding the "Employee Letter of Understanding" signed by Plaintiff on May 6, 2021.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

Defendant responds as follows: Please see email correspondence, which will be produced.

**REQUEST FOR PRODUCTION 22:** Please produce all communications between You and Plaintiff regarding the "Separation Agreement" dated July 1, 2021.

**RESPONSE:** Please see email correspondence, which will be produced.

**REQUEST FOR PRODUCTION 23:** Please produce all documents identifying the individual or individuals who ultimately made the decision to terminate Plaintiff's employment.

**RESPONSE:** Defendant objects to this Request on the grounds that it overly broad and thus seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant further objects as this Request is not limited in time or scope and is vague as it fails to state with reasonable particularity the class or category of documents it seeks. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges. Defendant has produced documents and responded to interrogatories which identifies the individuals who were decision-makers with respect to Plaintiff's employment.

**REQUEST FOR PRODUCTION 24:** Please produce all employee files, including but not limited to: evaluation reports, performance reviews, productivity reports, disciplinary reports, awards, compensation, bonuses, health benefits, retirement benefits, etc., of each individual who has taken over Plaintiff's work responsibilities after Plaintiff's termination.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad as it seeks information pertaining non-parties, the disclosure of which would constitute an unwarranted invasion of the affected individuals' rights to personal privacy and confidentiality.

Defendant responds as follows: Defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION 25:** Please produce all documents, communications, and correspondence You delivered to the EEOC regarding Plaintiff.

**RESPONSE:** Defendant will supplement, if any.

**REQUEST FOR PRODUCTION 26:** Please produce all documents evidencing severance payments You made to employees of Perspecta who were terminated after the merger with Peraton.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad as it seeks information regarding employees who are not similarly situated and therefore the burden of the discovery request is disproportionate to the needs of the case. Defendant further objects to this Request as it seeks information pertaining non-parties, the disclosure of which would constitute an unwarranted invasion of the affected individuals' rights to personal privacy and confidentiality.

**REQUEST FOR PRODUCTION 27:** Please produce all audio or video recordings related to the employment of Plaintiff.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and as it is not reasonably limited in time or scope.

**REQUEST FOR PRODUCTION 28:** Please produce all diaries, notes, calendars, appointment books, scrapbooks, compilations, summaries, or chronologies of events maintained by You, which relate to Plaintiff's employment.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly and vague as fails to state with reasonable particularity the class or category of documents it seeks.

**REQUEST FOR PRODUCTION 29:** Please produce all personnel documents that relate to Plaintiff, regardless of whether they are contained in Plaintiff's personnel file.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it is not reasonably limited in time or scope. Defendant further objects to this Request on grounds that it is vague as fails to state with reasonable particularity the class or category of documents it seeks.

Defendant responds as follows: Please see Plaintiff's personnel file, which will be produced.

**REQUEST FOR PRODUCTION 30:** Please produce all documents describing the work duties and/or responsibilities of Plaintiff's employment position at the time of his termination.

**RESPONSE:** Please see job descriptions, which will be produced.

**REQUEST FOR PRODUCTION 31:** Please produce all audio, video, digital or electronic recordings of any person regarding any matter related to Plaintiff, Plaintiff's employment with You and/or any matter related to any claim or defense asserted by any party to this litigation.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it is not reasonably limited in time or scope. Defendant further objects to this Request on

grounds that it is vague as fails to state with reasonable particularity the class or category of documents it seeks.

**REQUEST FOR PRODUCTION 32:** Please produce all offers You made to the Plaintiff.

**RESPONSE:** Defendant objects to this Request on the grounds that it is vague as "offers" is not defined.

Subject to the foregoing objection, Defendant responds as follows: Please the Employee Letter of Understanding, which will be produced.

**REQUEST FOR PRODUCTION 33:** Please produce all documents that identify the author(s) of the "Employee Letter of Understanding" You asked Plaintiff to sign.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION 34:** Please produce all drafts of the "Employee Letter of Understanding" You asked Plaintiff to sign.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION 35:** Please produce all documents that set forth, describe and/or discuss the purpose, use and/or goal of the "Employee Letter of Understanding" You asked Perspecta employees to sign.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION 36:** Please produce all documents that relates to the creation, purpose, implementation, and publication of the "Employee Letter of Understanding" You asked Plaintiff to sign.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION 37:** Please produce all documents that identify the author(s) of the "Employee Letter of Understanding" You asked Perspecta employees, including Plaintiff, to sign.

**RESPONSE:** Defendant objects to this Request on the grounds that it overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant further objects as this Request is not limited in time or scope and is vague as it fails to state with reasonable particularity the class or category of documents it seeks. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION 38:** Please produce all documents that identify the author(s) of the offers you made to Perspecta employees with regard to their continued employment with Peraton.

**RESPONSE:** Defendant objects to this Request on the grounds that it overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Defendant further objects as this Request is not limited in time or scope and is vague as it fails to state with reasonable particularity the class or category of documents it seeks. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges. Further, Defendant objects to this request as it fails to contain any geographic limitations.

**REQUEST FOR PRODUCTION 39:** Please produce all documents that set forth, describe and/or discuss the purpose, use and/or goal of all offers you made to Perspecta employees with regard to their continued employment with Peraton.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Additionally, this Request is vague as fails to state with reasonable particularity the class or category of documents it seeks. Defendant further objects to this Request as it seeks information regarding employees who are not similarly situated and therefore the burden of the discovery request is disproportionate to the needs of the case.  Further, Defendant objects to this request as it fails to contain any geographic limitations.

**REQUEST FOR PRODUCTION 40:** Please produce all communications by and between any employee of You that relates to the creation, purpose, implementation and/or publication of any offer Peraton made to Perspecta employees for continued employment with Peraton.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it seeks information that is not relevant and will not lead to the discovery of admissible evidence. Additionally, this Request is vague as fails to state with reasonable particularity the class or category of documents it seeks. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privileges. Defendant further objects to this Request as it seeks information regarding employees who are not similarly situated and therefore the burden of the discovery request is disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION 41:** Please produce all documents that show all eligibility factors for selecting Carlos Miramontes for involuntary separation.

**RESPONSE:** Please see documents, which will be produced.

**REQUEST FOR PRODUCTION 42:** Please produce all documents that identify the other employees who were selected for involuntary separation based on the same or similar eligibility factors as Plaintiff.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information pertaining to individuals not relevant to this Litigation, the disclosure of which would constitute an unwarranted invasion of the affected individuals' rights to personal privacy and confidentiality. Defendant further objects to this request as it is not limited in temporal or geographic scope.

Defendant responds as follows: No other individuals were selected for separation based on the same criteria used for Plaintiff within the same department or decisional unit at the same time as Plaintiff.

**REQUEST FOR PRODUCTION 43:** Please produce all documents identifying the ages of all employees who were selected for involuntary separation based on the same or similar eligibility factors as Plaintiff.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information pertaining to individuals not relevant to this Litigation, the disclosure of which would constitute an unwarranted invasion of the affected individuals' rights to personal privacy and confidentiality. Defendant further objects to this request as it is not limited in temporal or geographic scope.

Defendant responds as follows: No other individuals were selected for separation based on the same criteria used for Plaintiff within the same department or decisional unit at the same time as Plaintiff.

**REQUEST FOR PRODUCTION 44:** Please produce all documents that Identify the employee(s) with similar title to Carlos Miramontes, who were also selected for involuntary separation.

**RESPONSE:** Defendant objects to this Request as it is overly broad and vague as "similar title" is undefined. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals not relevant to this Litigation, the disclosure of which would constitute an unwarranted invasion of the affected individuals' rights to personal privacy and confidentiality.

Defendant responds as follows: Defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION 45:** Please produce all documents showing why Carlos Miramontes was not offered a chance to participate in the Workforce Planning or Family First programs.

**RESPONSE:**    Please see Family First FAQs_1.13.2022_v2_SB and WFP Family First Program_1.13.2022_v2_SB, which will be produced.

**REQUEST FOR PRODUCTION 46:** Please produce all documents showing whether You list Carlos Miramontes as hirable or non-hirable.

**RESPONSE:** Defendant objects to this Request on the grounds that "all documents" is overly broad and fails to state with reasonable particularity the class or category of documents it seeks.

Defendant will produce Plaintiff's personnel file.

**REQUEST FOR PRODUCTION 47:** Please produce all organizational charts showing Plaintiff listed as a Business Partner under the Defense Business Group supporting the Defense Business Group.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad as it seeks confidential information that is disproportionate to the needs of the case, and fails to contain any temporal limitations.

Dated: March 17, 2022                              Respectfully submitted,


                                                   /s/ Jeremy W. Hawpe
                                                   _____
                                                   Jeremy W. Hawpe
                                                   Texas State Bar No. 24046041
                                                   jhawpe@littler.com
                                                   Ryley T Bennett
                                                   Texas State Bar No. 24109631
                                                   rtbennett@littler.com

                                                   LITTLER MENDELSON, P.C.
                                                   2001 Ross Avenue
                                                   Suite 1500, Lock Box 116
                                                   Dallas, TX  75201-2931
                                                   (214) 880-8100 (Telephone)
                                                   (214)880-0181 (Facsimile)

                                                   ATTORNEYS FOR DEFENDANT
                                                   PERATON, INC.



## CERTIFICATE OF SERVICE

       This is to certify that, on March 17, 2022, a true and correct copy of this document has
been served on counsel of record in accordance with the Federal Rules of Civil Procedure.

       Joseph E. Ackels, Sr.
       Joseph E. Ackels, Jr.
       ACKELS & ACKELS, L.L.P.
       3030 LBJ FREEWAY, SUITE 1550
       DALLAS, TEXAS 75234
       JOE@ACKELSLAW.COM
       JOE-JR@ACKELSLAW.COM
       COUNSEL FOR PLAINTIFF


                                                   /s/ Jeremy Hawpe
                                                   _____
                                                   Jeremy Hawpe


4883-9009-4604.2 / 112004-1012

**EXHIBIT B**

# ACKELS & ACKELS, L.L.P.

ATTORNEYS AND COUNSELORS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP OF INDIVIDUAL PRACTITIONERS
3030 LBJ FREEWAY, SUITE 1550
DALLAS, TEXAS 75234
www.ackelslaw.com

TELEPHONE                                                                                                    TELECOPIER
214-267-8600                                                                                                 214-267-8605

April 12, 2022

*Via email: jhawpe@littler.com; rtbennet@littler.com*

Littler Mendelson, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201

        Re:    *Carlos Miramontes v. Peraton, Inc.* NO. 2:21-CV-3019-B

Dear Jeremy:

      We are in receipt of your client's objections and responses to Plaintiff's First Requests for Production, along with the documents Bates Labeled "Peraton (Miramontes) 1-102". After review of your client's responses and of the documents it produced, it has come to our attention that there are still documents in your client's possession, custody, and/or subject to its control that have not yet been produced.

      Please produce the documents responsive to the following Requests for Production as soon as practicable:

      **Request for Production Nos. 1, 3, 7 – 11, 18-29, 31, 33-36, 40-41, and 46-47.**

      Additionally, please identify by Bates Label the document you refer to as "Falcon Selection listing for Legal Review 6-21-2021" if you have already produced that document. If you have not yet produced this document, then please produce it. If your client intends to stand on its objection(s) to these requests and does not intend to produce documents responsive to these requests, then please let us know as soon as possible.

      We understand that depositions are the inevitable next step in this process however we cannot proceed with depositions until we have obtained the documents we believe are discoverable, responsive, and relevant to our client's claims in this litigation.

      Please do not hesitate to contact our office should you wish to discuss.

                                 Yours very truly,
                                   */s/ Joseph E. Ackels, Jr.*

                                   Joseph E. Ackels, Jr.

**EXHIBIT C**

# ACKELS & ACKELS, L.L.P.
### ATTORNEYS AND COUNSELORS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP OF INDIVIDUAL PRACTITIONERS
3030 LBJ FREEWAY, SUITE 1550
DALLAS, TEXAS 75234
www.ackelslaw.com

TELEPHONE
214-267-8600

TELECOPIER
214-267-8605

July 13, 2021

Vic Stemberger                          (via email: victor.stemberger@mail.peraton.com)
Joel Huchthausen                        (via email: Joel.Huchthausen@mail.peraton.com)
Peraton
12975 Worldgate Drive
Herndon, VA 20170

      Re:    Employee: Carlos Miramontes

Gentlemen:

      Please be advised that we represent Carlos Miramontes in this matter. Our client believes that he was wrongfully terminated by Peraton from his 27 years of employment with it and its predecessors. Despite a recent glowing performance review on March 31, 2021, Mr. Miramontes (a 27 year veteran) was unceremoniously kicked to the curb by your new regime. Mr. Miramontes' claim is for wrongful termination based on age and race discrimination and/or the deceptive conduct employed by Peraton when it rolled out its Employee Letters of Understanding, inducing employee signature(s) by making false promises.

      Our client's claims are based on the following facts as we understand them:

      Peraton acquired Perspecta in 2021. On March 31, Mr. Miramontes got an all positive performance review from his employer wherein his employer represented that it would "expand his scope and responsibilities" "[a]s we turn the page into FY22 and the integration." In that review, his employer set his goals for 2022. This was a clear and written representation to Mr. Miramontes that he would be there at least through the following year. He had to sign off on the representation and did so on April 23, 2021. Just two weeks later, however, his employer approached him and apparently other employees with a written "offer" of employment, effective the date Peraton acquired Perspecta ("OFFER"). The OFFER proposed two years of employment with Peraton **IF** the employee would sign an Employee Letter of Understanding ("LOU"). The OFFER stated that Mr. Miramontes would "maintain [his] current job title and base salary, unless [he was] offered a new role in the organization." This was false. The OFFER stated that "[f]or the remainder of 2021 calendar year, you will continue to participate in Perspecta's health insurance and retirement benefits, including PTO and holiday schedules." This was false. The OFFER stated that "[a]s we begin to harmonize our benefits and PTO policies for all employees in 2022, your years of service with Perspecta will be credited toward years of service for eligibility in the Peraton employee benefit plans offered next calendar year." This was nothing more than a carrot and was a false statement designed to lure Mr. Miramontes (and others) into signing the LOU. The OFFER was a reuse and

Vic Stemberger
Joel Huchthausen
July 13, 2021
Page – 2 -

patently false when presented, but Mr. Miramontes was unaware at the time of the true intentions of Peraton. He was accustomed to an employer that lived up to its word and treated its employees honestly, with dignity and respect.

What we now know is that when Peraton affirmatively provided Mr. Miramontes (and other employees) the written OFFER and the review representations, it had no intention of honoring it. Instead, it intended to fire some of the older employee(s) (including Mr. Miramontes) within sixty (60) days and concealed these facts when presenting the OFFER to the unsuspecting and trusting employees. Peraton wanted to get the LOU's signed to protect itself when its trap was sprung.  Mr. Miramontes accepted the written proposal from Peraton, relied on its promise of two years of employment and continued benefits, and signed the LOU. What other legal consideration was there for his signature? Texas law requires that the LOU be read in harmony with the OFFER since signing the LOU constituted "acceptance" of the OFFER. The OFFER and LOU were as integrated as Peraton and Perspecta.

Less than sixty days later, Mr. Stemberger, who did not have the decency to fire a 27 year military veteran face-to-face, called him (without an HR person on the phone) and spoke to him for about an hour. Over and over, Mr. Stemberger insisted that the termination had nothing to do with his age. Mr. Miramontes did not bring the subject up, but Mr. Stemberger did, several times. No wonder he had no HR person on the phone call. Such antics and insults are unlawful (albeit *Freudian*) and reveal the truth behind the Peraton charade.  Mr. Miramontes was fired because of his age and/or race.

For further evidence of the discriminatory motive, after the Stemberger call, and in less than fifteen minutes, Stemberger presented Mr. Miramontes with a Separation Agreement (via email). Peraton also locked Mr. Miramontes out of his access to his company network and ended Mr. Miramonts' company benefits in that same fifteen minute window. Mr. Miramontes was not able to have his personal information removed from his account, leaving it exposed to viewing by other Peraton employees, or his successors. Mr. Miramontes was not provided any employee assistance, which Peraton boasts of on its website, and which was routinely provided by Perspecta when it terminated employees and veterans with dignity and respect. In fact, many of Peraton's boastful representations on its website have turned out to be false. In the one-sided Separation Agreement, Peraton sought to gain from Mr. Miramontes extra-contractual benefits for itself. It claimed in the attachment that another person in the same age range as Mr. Miramontes was also being terminated. It also claimed that there was an "applicable severance pay plan and policy" which was not provided to Mr. Miramontes. His choice, sign the Separation Agreement – agree to all its terms or do not get any of the paltry separation pay offered. It left him with no employee assistance. He was on his own. This is nothing short of disgusting treatment of a 27 year veteran and employee.

Vic Stemberger
Joel Huchthausen
July 13, 2021
Page – 3 -

As a result of Peraton's conduct, Mr. Miramontes hereby makes full, formal and final demand upon you to pay to him what was promised in the OFFER that he accepted, plus other damages which foreseeably resulted from your conduct wrongfully terminating him. His actual damages are measured as follows:

Two year's salary with cost of living increase
(3.5%) and bonus
    7/1/21 to 6/30/22
        (2020 Salary +3.5% + $4,000 bonus)..........................$141,744.01
    7/1/22 to 6/30/23
        (2021 Salary + 3.5% + $4,000 bonus...........................$146,565.05
Separation pay for 29 years of service (at 2023 salary)
One month for each year...........................................................$354,198.87

**TOTAL ACTUAL DAMAGES...................................................$510,507.93**

In addition to the above actual damages, Mr. Miramontes will seek exemplary, punitive and multiple damages as a result of Peraton's wrongful conduct. This amount will be in the province of a jury and/or administrative agencies.

## LITIGATION HOLD

Should legal action ensue, our client will be seeking, in discovery, electronic data in your custody and control that is relevant to his action, including without limitation emails and other information contained on computer systems and any electronic storage systems (collectively, "Documents"). Documents include information, data, emails, texts, attachments, and any other method or means of communications, internally and/or externally. Our client considers these Documents to be valuable and irreplaceable sources of discoverable information in this matter.

**We hereby place you on notice** to preserve all Documents regarding Mr. Miramontes and other employees with regard to being terminated and/or executing LOU's and also any directives, policies, communications or memorandums directing the termination of employees once Peraton acquired Perspecta. In addition, we place you on notice not to allow the deletion of any Documents relating to Mr. Miramontes' claims described or Documents described herein.

We are confident that you have already taken steps to preserve this data since you have an obligation to preserve relevant evidence. Thus, no procedures should have been implemented to alter any active, deleted or fragmented data or Documents. Moreover, no electronic data should have been disposed of or destroyed. We further trust that you will continue to preserve such electronic data and

Vic Stemberger
Joel Huchthausen
July 13, 2021
Page – 4 -

Documents throughout any legal action.

      We are prepared to file a lawsuit and/or administrative claims and are authorized by our client to do so, immediately. We provide Peraton this opportunity to resolve these matters prior to that time. The window of opportunity is until July 23, 2021 at 5:00 p.m. If agreement is not reached or other mutual arrangements made by the parties by that date and time, we will recommend that our client commence legal action. Please cease all communications with our client. Please direct all communications through me.

      I have copied Mr. Winner, but do not know his email address. I took a guess. If you will provide me his correct email address or that of your lawyer, I will communicate through him/her. If you or your counsel wish to discuss this matter further, please do not hesitate to contact me.

                Yours very truly,

                */s/ Joseph E. Ackels, Sr.*

                Joseph E. Ackels. Sr.

JEASR/sr
Cc: James.Winner@mail.peraton.com

**EXHIBIT D**

1     A.   I did not read the letter.

2     Q.   Okay.  You received the letter?

3     A.   So to be clear, are you referencing the initial

4 correspondence from over a year and a half ago as "the

5 letter"?

6     Q.   I thought that's what --

7     A.   Yeah.  So there was -- sorry.  Go ahead.

8     Q.   Go ahead and finish.

9     A.   I was copied on an e-mail sometime after Carlos

10 had left the company.  I believe it was maybe August,

11 September of 2021.

12          I briefly opened the PDF.  I thought it was

13 very unprofessional.  It was all caps.  It was a demand

14 notice.

15          I immediately closed the e-mail, and I

16 texted my superior, Joe Capalbo, to ensure he saw it,

17 and then I forgot about it.

18          That was not my purview or responsibility

19 to either review or respond.

20     Q.   What was all caps?  Let's just start with that.

21          MR. ACKELS, SR.:  First of all, I'll

22 object.  It's nonresponsive.

23     Q.   (BY MR. ACKELS, SR.)  But what was all caps?

24     A.   I just recall it was very unprofessional, the

25 communication.  It was a demand notice.  It was very

VICTOR STEMBERGER - 10/19/22                    30

1              I didn't spend any additional time

2    reviewing this correspondence.  I closed it, and I

3    contacted Joe Capalbo.  That was it.

4         Q.   But you knew there was a dollar figure stated

5    in this letter; correct?

6         A.   Yeah.  I do.

7              MR. ACKELS, SR.:  Okay.  Joe, would you

8    scroll down to the third page of this letter, please.

9         Q.   (BY MR. ACKELS, SR.)  There's the dollar

10   figure.  Do you see that dollar figure?

11        A.   I do.

12        Q.   Is that the one you remember seeing?

13        A.   I don't -- I assume that's it.

14        Q.   Okay.  And right below that in all caps and

15   bold it says "Litigation Hold."  Do you see that?

16        A.   I do.

17        Q.   Are you saying you didn't see that when you

18   looked at that dollar figure?  You didn't also see the

19   words in bold --

20        A.   I absolutely -- I absolutely did not.

21        Q.   When did you delete your text messages to

22   Mr. Capalbo?

23             MR. HAWPE:  Objection; form.

24        A.   I don't know.  I can't answer.  I'm not sure.

25   Within 24 to 48 hours.

```
1              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
2                         DALLAS DIVISION

3    CARLOS MIRAMONTES,            )
                                   )
4           Plaintiff,             )  CIVIL ACTION
     VS.                           )
5                                  )  NO. 3:21-CV-3019-B
     PERATON, INC.,                )
6                                  )
            Defendant.             )
7

8

9

10

11                  REPORTER'S CERTIFICATION

12           DEPOSITION OF VICTOR STEMBERGER

13   AND THE CORPORATE REPRESENTATIVE OF PERATON, INC.

14                    OCTOBER 19, 2022

15                  (REPORTED REMOTELY)

16

17

18

19      I, Flora Knight, Certified Shorthand Reporter in

20   and for the State of Texas, hereby certify to the

21   following:

22      That the witness, VICTOR STEMBERGER, was duly sworn

23   by the officer and that the transcript of the oral

24   deposition is a true record of the testimony given by

25   the witness;
```

1        That the deposition transcript was submitted on

2   October 29, 2022, to the witness or to the attorney for

3   the witness for examination, signature and return to me

4   in by December 2, 2022;

5        That the amount of time used by each party at the

6   deposition is as follows:

7        Mr. Joseph E. Ackels, Sr. - 04:23

8        Mr. Jeremy W. Hawpe - 00:00

9

10       That pursuant to information given to the

11  deposition officer at the time said testimony was taken,

12  the following includes counsel for all parties of

13  record:

14  FOR THE PLAINTIFF:

15       Mr. Joseph E. Ackels, Sr.
         Mr. Joseph E. Ackels, Jr.
16       ACKELS & ACKELS, LLP
         3030 LBJ Freeway
17       Suite 1550
         Dallas, Texas 75234
18       Telephone:  (214) 267-8600
         E-mail:  joe@ackelslaw.com
19

20  FOR THE DEFENDANT:

21       Mr. Jeremy W. Hawpe
         Ms. Ryley T. Bennett
22       LITTLER MENDELSON, P.C.
         2001 Ross Avenue
23       Suite 1500
         Dallas, Texas 75201
24       Telephone:  (214) 880-8100
         E-mail:  jhawpe@littler.com
25

1       I further certify that I am neither counsel for,

2   related to, nor employed by any of the parties or

3   attorneys in the action in which this proceeding was

4   taken, and further that I am not financially or

5   otherwise interested in the outcome of the action.

6       Certified to by me this 29th day of October, 2022.

7

8

9                           _____

10                          FLORA KNIGHT, CSR NO. 5894
                            Expiration: 4/30/24
11                          Firm Registration No. 815
                            WESTSIDE COURT REPORTING
12                          3913 Candlewick Court
                            Bedford, Texas 76021
13                          Telephone:  (214) 793-6210
                            WestsideCourtReporting@gmail.com
14

15

16

17

18

19

20

21

22

23

24

25