**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CARLOS MIRAMONTES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:21-CV-3019-B** |
| | § | |
| **PERATON INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

<u>**DEFENDANT'S SUR-SUR-REPLY TO PLAINTIFF'S SUR-REPLY TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

Jeremy W. Hawpe
Texas State Bar No. 24046041
jhawpe@littler.com
Shelby K. Taylor
Texas State Bar No. 24110432
staylor@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201-2931
214.880.8100
214.880.0181 (Fax)

ATTORNEYS FOR DEFENDANT

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION AND SUMMARY ........................................................................ 1

II.    ARGUMENTS................................................................................................................ 4

    A.    Plaintiff Has No Evidence of Pretext of Discrimination ....................................... 4

          1.    Peraton's Subsequent Document Productions ........................................... 5

          2.    Plaintiff Makes No Arguments That He Was "Clearly Better Qualified"................................................................................................ 5

               a.    Plaintiff was not selected for separation because he was unqualified, but based on his skills and performance compared to other team members. ................................................. 5

               b.    Peraton Does Not Contend Plaintiff Generally Was An Underperformer; Rather, An Employee Joined the Team to Continue His Pre-Merger Relationship with Microsoft................ 7

          3.    Plaintiff's Remaining Pretext Arguments Fail......................................... 8

               a.    Generalized Statistical "Evidence" From One Spreadsheet Is Insufficient to Show Pretext........................................................ 8

               b.    The Reduction In Force Was Not A Sham To Terminate Plaintiff ......................................................................................... 9

III.    CONCLUSION............................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amburgey v. Corhart Refractories Corp.*,
  936 F.2d 805 (5th Cir. 1991) ......................................................4

*Armstrong v. City of Dallas*,
  829 F. Supp. 875 (N.D. Tex. 1992) ...........................................7

*Bienkowski v. American Airlines, Inc.*,
  851 F.2d 1503 (5th Cir. 1988) ................................................3, 7

*Deines v. Tex. Dep't of Protective & Regulatory Servs.*,
  164 F.3d 277 (5th Cir. 1999) ......................................................6

*EEOC v. Tex. Instruments Inc.*,
  100 F.3d 1173 (5th Cir. 1996) ....................................................9

*Little v. Republic Ref. Co.*,
  924 F.2d 93 (5th Cir. 1991) ........................................................7

*McMartin v. OfficeMax, Inc.*,
  2009 U.S. Dist. LEXIS 67469 (N.D. Tex. July 27, 2009) ........3

*Myles v. TPUSA-FHCS, Inc.*,
  2020 U.S. Dist. LEXIS 198789 (W.D. La. Oct. 23, 2020) ........7

*Peterson v. Bell Helicopter Textron, Inc.*,
  901 F.Supp.2d 846 (N.D. Tex. 2012) ........................................4

*Powell v. Dallas Morning News L.P.*,
  776 F. Supp. 2d 240 (N.D. Tex. 2011) ......................................6

*Sandstad v. CB Richard Ellis, Inc.*,
  309 F.3d 893 (5th Cir. 2002) ......................................................4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CARLOS MIRAMONTES | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:21-CV-3019-B |
| | § | |
| PERATON INC., | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S SUR-SUR-REPLY TO PLAINTIFF'S SUR-REPLY TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Peraton Inc. ("Defendant" or "Peraton") files this Sur-Sur-Reply to Plaintiff's Sur-Reply to Defendant's Motion for Summary Judgment ("Plaintiff's Sur-Reply") [Doc. No. 78] and would show the Court as follows:

**I.**
**INTRODUCTION AND SUMMARY**

While Plaintiff uses his Sur-Reply to rehash grievances about his failure to timely request certain documents, Peraton need not waste the Court's resources on repeating its position on these discovery issues.[1] These issues have been extensively briefed. *See* Doc. Nos. 48, 60, 65, 67, 68, and 69.[2] Instead of addressing why his claims should survive summary judgment, Plaintiff repeats the same arguments asserted before. However, none of Plaintiff's arguments are sufficient to create a material issue of fact which prevents summary judgment. The central questions in the pending

---

[1] Peraton obviously takes issue with how Plaintiff's Sur-Reply has characterized Peraton's actions during discovery, as it has complied with all discovery obligations, orders by the Court, and agreements with Plaintiff during this lawsuit.
[2] Respectively, Joint Pre-Hearing Report on Plaintiff's Motion for Leave to file Motion to Compel [Doc. No. 48], Joint Update Report on Plaintiff's Motion to Compel [Doc. No. 60], Peraton's Brief in Support of Response to Plaintiff's Motion to Abate Ruling on MSJ [Doc. No. 65], Peraton's Response to Order regarding In Camera Inspection of Documents [Doc. No. 67], Peraton's Brief in Support of Response to Motion and Brief for Sanctions [Doc. No. 68] and corresponding appendix [Doc. No. 69].

**DEFENDANT'S SUR-SUR-REPLY TO SUR-REPLY TO ITS MOTION FOR SUMMARY JUDGMENT – Page 1**

summary judgment are:

- o   has Plaintiff established that he was "clearly better qualified" than similarly-situated younger employees who were not terminated?

- o   has Plaintiff produced sufficient evidence that the reduction in force was a sham or a pretext for age discrimination, or

- o   has Plaintiff produced evidence that although the reduction in force was legitimate on its face, it was implemented in such a way that age was impermissibly used as a factor to determine which employees were terminated?

Plaintiff has not produced sufficient evidence to answer any of these questions in the affirmative. Moreover, the "new" evidence does nothing to answer any of these questions.

Plaintiff uses his Sur-Reply to manufacture a sequence of events that simply does not exist. Plaintiff's employment was terminated as part of reduction in force. The unrefuted testimony (and summary judgment evidence) is that Plaintiff's direct supervisor, Victor Stemberger, made the decision to select Plaintiff for the reduction in force. Mr. Stemberger has testified as to how and why he made the decision. Plaintiff's Sur-Reply argues that Mr. Stemberger could not have relied on certain documents in making the reduction in force decision, and thus, there is a fact issue. For example, Plaintiff argues that because the Skills Matrix that evaluated Plaintiff's skills was completed after the decision to include Plaintiff in the reduction in force, that is somehow evidence of pretext. However, there has been absolutely no testimony that the completed Skills Matrix itself was used as the basis for selecting Plaintiff. Nary a witness has testified that Peraton used the completed Skills Matrix in making the reduction in force decisions. Plaintiff's desire to create a sequence of events that did not happen (and that he has no evidence happened) does not create a fact issue preventing summary judgment.

Plaintiff's Sur-Reply *still* fails to set forth viable theories that establish pretext or whether Plaintiff has adduced sufficient evidence to support these theories. Plaintiff cites zero case law in support of his legal arguments, opting instead to assert his own conclusory, subjective arguments.

While Plaintiff certainly disagrees with Peraton's decision to terminate his employment, he has once again offered the Court insufficient evidence that Peraton's real reason for his termination of employment was not a reduction in force, but rather discriminatory animus. "The evidence offered to counter the employer's proffered reasons must be substantial." *See McMartin v. OfficeMax, Inc.*, 2009 U.S. Dist. LEXIS 67469, *13 (N.D. Tex. July 27, 2009) (citations omitted). Plaintiff still has not met his burden. Instead, he urges the Court to conclude that his termination was based on grounds that he disagrees with and then leap to the conclusion that the termination must be unlawful. As the Court is well aware, discrimination laws are "not intended to be a vehicle for judicial second-guessing of business decisions, nor…to transform the courts into personnel managers." *Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503, 1507-08 (5th Cir. 1988). Despite Plaintiff's invitation for the Court to substitute its judgment for that of Peraton's, he has no evidence that the real reason for his termination was because of age, race or color discrimination.

Plaintiff's Sur-Reply is littered with factual inaccuracies and sweeping assumptions that are not competent summary judgment evidence or arguments. Plaintiff argues that he was a hard-working employee, which is reflected in his performance reviews, and therefore should not have been selected for the reduction in force. However, Plaintiff has set forth no evidence that others should have been selected instead of him. Plaintiff's arguments that certain spreadsheets indicate several employees over age 40 were considered for termination or that a spreadsheet was potentially completed after Plaintiff was selected for termination simply miss the mark and are not factually true. For the reasons set forth in Peraton's Motion for Summary Judgment, its Reply, and in this Sur-Sur-Reply, Peraton requests that the Court dismiss this entire matter with prejudice.

## II.
## <u>ARGUMENTS</u>

### A.   <u>Plaintiff Has No Evidence of Pretext of Discrimination</u>

Plaintiff does not credibly dispute that Peraton has offered a legitimate, nondiscriminatory reason for his termination of employment: a reduction in force. As such, this matter comes down to whether Plaintiff has produced sufficient evidence to establish pretext. The anti-discrimination laws were not intended to allow judges to second guess employment decisions, nor were they intended to transform courts into personnel managers. *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 814 (5th Cir. 1991). The issue at the pretext stage is whether the employer's reason, even if incorrect, was the real reason for its decision. *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 899 (5th Cir. 2002). While Plaintiff's Sur-Reply is full of various spurious arguments, it fails to establish how any of this purported evidence establishes that Peraton's real reason in terminating Plaintiff's employment was based on discriminatory animus.

Given the reduction in force, Plaintiff can only meet his burden at the summary judgment stage by proffering competent summary judgment evidence that (1) he was "clearly better qualified" than similarly-situated younger employees who were not terminated, (2) the reduction in force was a sham or a pretext for age discrimination, or (3) although the reduction in force was legitimate on its face, it was implemented in such a way that age was impermissibly used as a factor to determine which employees were terminated. *Peterson v. Bell Helicopter Textron, Inc*., 901 F.Supp.2d 846, 858 (N.D. Tex. 2012) (citing *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir. 1996)). Plaintiff cannot establish any of these avenues and therefore cannot establish pretext. Accordingly, his claims fail, and summary judgment should be granted in favor of Peraton.

1.      **Peraton's Subsequent Document Productions**

As a threshold consideration, Plaintiff's Sur-Reply implies that Peraton's subsequent document production to Plaintiff was done intentionally with some malicious tactic to handicap Plaintiff's summary judgment response. This is patently false. As the Court can glean, the "new" evidence Plaintiff purports to assert in his Sur-Reply is not "crucial" nor does it support his contentions in this lawsuit – it does nothing to further illuminate the Court as to why Plaintiff was selected for the reduction in force. Indeed, the evidence attached to Plaintiff's Sur-Reply does nothing more than serve as an additional vehicle for Plaintiff to continue to make incredible leaps and assumptions from one piece of evidence to the other in what Plaintiff genuinely believes is a proper way to advance his legal arguments.

2.      **Plaintiff Makes No Arguments That He Was "Clearly Better Qualified"**

While Plaintiff argues that his employment should not have been terminated, he has not articulated whose employment Peraton should have terminated instead. Plaintiff makes no arguments that he was "clearly better qualified" than a younger (or outside of the other protected characteristics) person who was not terminated. As such, the Court need not consider this avenue of establishing pretext.

      a.      **Plaintiff was not selected for separation because he was unqualified, but based on his skills and performance *compared to other team members*.**

Plaintiff contends that his "glowing evaluations" from April 1, 2020 – March 31, 2021 directly contradict Peraton's legitimate, non-pretextual reasons for Plaintiff's selection. Plaintiff incorrectly surmises that Peraton has contended that Plaintiff was an underperformer. *See* Sur-Reply, pg. 6-7. To the contrary, as Peraton has maintained throughout the entirety of this lawsuit, Plaintiff was selected for separation based on his skills and performance *compared to other team members*. Plaintiff has offered the Court no reason to believe that Mr. Stemberger's assessment

was incorrect. Moreover, courts typically do not substitute their views regarding employee qualifications for the views of those individuals who are charged with that duty by virtue of experience and expertise in the field. *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280 (5th Cir. 1999).

It is important to remember the timing and dynamics leading up to the reduction in force. Plaintiff only moved to Category Management in early 2021, mere months before the reduction in force was to occur. Def. APP. 013. When Mr. Joseph Capalbo determined that the program manager roles (i.e. the roles that Ms. Deborah Smith and Plaintiff had) would be eliminated, Mr. Stemberger took on Plaintiff as a Category Manager. Indeed, the fact that Plaintiff's performance review given a few months later states that he "successfully transitioned into the category team" is very much consistent with this idea that he was new to Category Management.

Prior to moving to the role, Plaintiff had never worked in Category Management and had only worked as a Project Manager. In determining why he should be selected for the reduction in force, Mr. Stemberger stated that that Plaintiff's "[c]urrent exhibited skillset does not meet the desired functional skillset required of a Categry [sic] Manager in the new Peraton." *See* Plf. Response APP. 039a. He further elaborated that Plaintiff's "soft skills (MS Office) are weak too." Plf. Response APP. 039a. Plaintiff's prior performance reviews are irrelevant, and Plaintiff has put *nothing* in the record that contradicts Mr. Stemberger's assessment of Plaintiff's **Category Management** skills. And, notably, Mr. Stemberger provided that, prior to the video call wherein Mr. Stemberger terminated Plaintiff's employment, he had never seen Plaintiff before and did not know his age, race, or color. Def. APP. 016.

"[A]n employer may take an adverse action for any reason, fair or unfair, so long as the action is not motivated by an age-based discriminatory animus." *Powell v. Dallas Morning News*

*L.P.*, 776 F. Supp. 2d 240, 276 (N.D. Tex. 2011) (citations omitted). Plaintiff's attacks on the method Mr. Stemberger used in determining who would be subject to the reduction in force is an attack on Peraton's good-faith belief as to Plaintiff's performance that does not equate to evidence of pretext. *See Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991). Plaintiff has produced no evidence that any manager (e.g., Stemberger, Capalbo, Ellis) had any discriminatory motive in applying the criteria to Plaintiff. In short, Plaintiff's arguments amount to an assertion that the relevant personnel decision was arbitrary or erroneous, which is not the relevant inquiry under well-settled law in this circuit. Rather, the Court should address only any unlawfully motivated personnel decisions. *See Bienkowski*, 851 F.2d at 1507-08; *Armstrong v. City of Dallas*, 829 F. Supp. 875, 882 (N.D. Tex. 1992) (Sanders, C.J.).[3]

> **b.  Peraton Does Not Contend Plaintiff Generally Was An Underperformer; Rather, An Employee Joined the Team to Continue His Pre-Merger Relationship with Microsoft.**

Following his termination, despite Plaintiff's allegations, Plaintiff was not replaced by a younger, white male.[4] Other members of the Category Management team absorbed Plaintiff's workload. Def. APP. 016-17. Initially, Mr. Stemberger assumed the primary responsibility for the communications between Peraton and Microsoft, Oracle, and Micro Focus. Another Category Manager, Sandra Roche, later took over communications with Micro Focus, with whom she had had previous experience. Def. APP. 016-17. Mr. Dana Campbell, a heritage Peraton employee prior to the merger who was at the same level within the heritage Peraton organization that Mr. Stemberger was in at the heritage Perspecta company prior to the merger, was responsible for the

---

[3] Moreover, even if Peraton's reasons were subjective, "the subjectivity of those reasons still does not establish discrimination and is not equivalent to showing that those reasons were false." *Myles v. TPUSA-FHCS, Inc.*, 2020 U.S. Dist. LEXIS 198789, *17 (W.D. La. Oct. 23, 2020).

[4] Of note, at the time of the initial briefing, Plaintiff argued that he believed he was replaced by two younger, white males. After having the opportunity to analyze Peraton's summary judgment briefing, Plaintiff's Sur-Reply now appears to only argue he was replaced by one white male, Dana Campbell.

Microsoft relationship for Perspecta prior to and during the merger. Def. APP. 016-17. After continued consolidation within Peraton, Mr. Dana Campbell's department was eliminated in May 2021. Def. APP. 016-17. Mr. Campbell then moved into the Category Management department, where he worked with Mr. Stemberger to continue the relationship with Microsoft. Mr. Campbell, like Ms. Roche, had previous experience working with Microsoft and had numerous years of experience working as a category manager with Peraton prior to the merger. Def. APP. 016-17.

### 3.     Plaintiff's Remaining Pretext Arguments Fail

Plaintiff has asserted various arguments concerning his termination and discrimination claims. In Plaintiff's Sur-Reply, it appears that his arguments concerning pretext can be summarized as follows: (1) the reduction in force was a sham to terminate Plaintiff because certain documents were created after the decision was made to terminate Plaintiff's employment and *could have* been completed by someone without personal knowledge of Plaintiff's performance; and (2) one spreadsheet showed that a majority of employees targeted for separation were older than 40.

Plaintiff either has insufficient evidence of these allegations, or what he does present is simply inadequate to meet his burden. He makes no effort to specify the legal or evidentiary bases supporting what he assumes is pretext, and Sur-Reply can only be read as Plaintiff's own conclusory, subjective beliefs as to why Peraton's reasons for his selection are pretextual.

### a.     Generalized Statistical "Evidence" From One Spreadsheet Is Insufficient to Show Pretext

Plaintiff implies that one Excel file shows statistical evidence supporting his pretext argument; however, any such assertion also fails. Plaintiff asserts that in one Excel file, a majority of the 55 employees listed were over the age of 40. Plf. Sur-Reply APP. 014-028. While Plaintiff has not put this document in context, he jumps to the conclusion that because 83% of the individuals listed are over 40, that somehow supports his age discrimination claims. The Fifth

Circuit has explained that such statistical evidence usually cannot rebut an employer's articulated nondiscriminatory reasons:

> [G]ross statistical disparities resulting from a reduction in force or similar evidence may be probative of discriminatory intent, motive or purpose. Such statistics might in an unusual case provide adequate circumstantial evidence that an individual employee was discharged as part of a larger pattern of layoffs targeting older employees. This is not to say that such statistics are enough to rebut a valid, nondiscriminatory reason for discharging a particular employee. *Generally, they are not. . . . [P]roof of pretext, hence of discriminatory intent, by statistics alone would be a challenging endeavor*.

*EEOC v. Tex. Instruments Inc.,* 100 F.3d 1173, 1184-85 (5th Cir. 1996) (emphasis in original) (quoting *Walther v. Lone Star Gas Co*., 977 F.2d 161, 162 (5th Cir. 1992)). "The probative value of statistical evidence ultimately depends on all the surrounding facts, circumstances, and other evidence of discrimination." *Id*. Generalized statistical evidence will rarely rebut a particularized nondiscriminatory rationale. *Id.*

Plaintiff has also grossly mischaracterized the statistical evidence in the spreadsheet. Plaintiff asserts that the 55 employees were indeed terminated under Project Falcon – yet that is not what the data indicates. The spreadsheet provides a list of employees who, as of June 28, 2021, were *considered* for termination, not a list of who were actually separated from the company. Plaintiff attempts to create a pattern and practice by also citing to a different spreadsheet, but again, mischaracterizes the data – that spreadsheet likewise only provides a list of employees who were *considered* for termination. Plf. Sur-Reply APP. 002-003. Plaintiff has never asked these questions. Plaintiff wholly failed to depose Peraton's corporate representative or any other fact witnesses to further expound on the contents of the spreadsheet. Regardless, Peraton did not "zero in" on older employees. Plaintiff's statistical argument accordingly fails.

### b. The Reduction In Force Was Not A Sham To Terminate Plaintiff

Plaintiff argues that because Plaintiff's age was included on certain reduction in force-

related documents, such documents are "direct evidence that age was a factor to determine which employees were terminated." Sur-Reply, pg. 4. Plaintiff points to an email of June 3 and speculates that Ms. Ellis could have input data regarding Plaintiff, though the email itself is from Mr. Stemberger, where he has attached an updated version of the spreadsheet. Plf. Sur-Reply APP. 011. Regardless, as Peraton has maintained in its prior briefing, Plaintiff cites to no legal authority supporting his conclusion that simply knowledge of an employee's age/race/color somehow supports pretext – especially on a document used after the separation decision had been made.

The Skills Matrix attached to the June 3 email identifies categories of skills where employees' skills were evaluated on a scale of 1-20. Plf. Sur-Reply APP. 012. However, Plaintiff has now reviewed Peraton's prior summary judgment briefing and has come up with a Hail Mary argument that if Mr. Stemberger did not complete the Skills Matrix, that "suggests" that Ms. Lori Ellis was the individual who "graded Plaintiff's performance and entered the scores on the Skills Matrix Template," which is his own subjective speculation. Sur-Reply, pg. 4.

Plaintiff's Sur-Reply is nothing more than a thinly veiled attempt to create a red herring for the Court. There has been no evidence that Mr. Stemberger, Ms. Ellis, or anyone else at Peraton used the Skills Matrix to select Plaintiff for the reduction in force. Because the Skills Matrix was not used in determining the reduction in force, Plaintiff's arguments are without merit and do not support any pretext argument.

## III.
## CONCLUSION

For the reasons set forth in Defendant's Motion for Summary Judgment, its Reply, and this Sur-Sur-Reply, Peraton requests that the Court grant its complete summary judgment and dismiss Plaintiff's claims with prejudice.

Dated: April 24, 2023                    Respectfully submitted,


                                         /s/ Jeremy W. Hawpe
                                         Jeremy W. Hawpe
                                         Texas State Bar No. 24046041
                                         jhawpe@littler.com
                                         Shelby K. Taylor
                                         Texas State Bar No. 24110432
                                         staylor@littler.com

                                         LITTLER MENDELSON, P.C.
                                         2001 Ross Avenue
                                         Suite 1500, Lock Box 116
                                         Dallas, TX 75201-2931
                                         (214) 880-8100 (Telephone)
                                         (214) 880-0181 (Facsimile)


                                         **ATTORNEYS FOR DEFENDANT
                                         PERATON INC.**


                          **CERTIFICATE OF SERVICE**

        I hereby certify that on April 24, 2023, I electronically filed the foregoing with the Clerk
of Court using the CM/ECF system, which will send notification of such filing to the following:

Joseph E. Ackels, Sr.
Joseph E. Ackels, Jr.
Ackels & Ackels, LLP
3030 LBJ Freeway, Suite 1550
Dallas, TX 75234
joe@ackelslaw.com
joe-jr@ackelslaw.com


                                         /s/ Jeremy W. Hawpe
                                         Jeremy W. Hawpe


4858-7257-7630.3 / 112004-1012